IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLUMUYIWA AYODEJI ADELEKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-1070-M-BN |
| | § | |
| DFW AIRPORT BOARD, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Olumuyiwa Ayodeji Adeleke has filed this *pro se* employment-related action against Defendant DFW Airport Board. *See* Dkt. No. 3; *see, e.g., id.* at 8-12 (EEOC documentation which appears to reflect that Adeleke brought a retaliation claim against DFW under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA")). Adeleke's lawsuit has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should transfer this action *sua sponte* to the Fort Worth Division of this district.

"The [ADA] incorporates by reference the special venue provisions that Congress enacted for Title VII employment discrimination actions." *Beavers v. Express Jet Holdings, Inc.*, 421 F. Supp. 2d 994, 996 (E.D. Tex. 2005) (citing 42 U.S.C. § 12117). These provisions "displace[] the general rules for venue." *Dabney v. A&R*

*Logistics, Inc.*, Civ. A. No. 14-788-BAJ-RLB, 2015 WL 4210988, at *2 (M.D. La. July 10, 2015) (citing 42 U.S.C. § 2000e-5(f)(3); *In re Horseshoe Entm't*, 337 F.3d 429, 432-33 (5th Cir. 2003)); *accord Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) (per curiam) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and ... the more general provisions of [28 U.S.C.] § 1391 are not controlling in such cases." (cited in *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 n.3 (5th Cir. 2013) (per curiam))).

> Section 2000e-5(f)(3) provides that
>
> [e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

*Id.*

Under these provisions, venue is not proper in the Dallas Division of this district, since DFW is in Tarrant County, which lies within the Fort Worth Division of this district. *See* 28 U.S.C. § 124(a)(2); *see also, e.g., Carolei v. Tex. Mesquite Connection*, No. 3:11-cv-2811-L-BH, 2012 WL 3599460, at *1 n.1 (N.D. Tex. Aug. 6, 2012) ("To the extent that DFW International Airport is the 'large airport' to which

Plaintiff refers, it is actually located in Tarrant County, which lies within the Fort Worth Division of the Northern District of Texas." (citation omitted)), *rec. accepted*, 2012 WL 3613971 (N.D. Tex. Aug. 22, 2012).

The Court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), and it may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought," 28 U.S.C. § 1406(a); *see also Horseshoe Entm't*, 337 F.3d at 433 ("[T]he last sentence of [Title VII's] special venue provision makes express cross-reference to §§ 1404 and 1406 of Title 28 indicating clearly Congress' intention that the provisions of §§ 1404 and 1406 would also be applicable in [such a] case.").

And a district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. DREDGE LEONARD FISHER*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) ("A transfer of venue may be made upon the motion of any party or by the court sua sponte." (collecting cases)).

The Court should therefore transfer this action to the Fort Worth Division.

### Recommendation

The Court should transfer this action *sua sponte* to the Fort Worth Division of the Northern District of Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 1, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE